IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID REEDMAN,

          Petitioner,

v.

          1:04-cv-3467-WSD

BRIAN OWENS, Commissioner,

          Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner David Reedman's ("Petitioner") Motion for Certificate of Appealability [103].

The Court neglected to include a certificate of appealability in its Order dated June 10, 2010, which, by granting Respondent's motion to amend judgment, vacated the portion of the April 7, 2010, Order that had granted Petitioner habeas relief. Because the June 10th Order was adverse to Petitioner, a certificate of appealability should have been either granted or denied. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" seeking federal habeas corpus relief. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court (Dec. 1, 2009).

"[T]he applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard when he demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner. . . ." Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003) (internal quotation omitted).

The Court believes reasonable jurists could debate whether the application of Renico v. Lett, No. 09-338, 130 S. Ct. 1855 (May 3, 2010), to the facts of Petitioner's case requires a finding that the Georgia Appellate Court, in evaluating the trial judge's decision to declare a mistrial, did not unreasonably apply clearly established federal law as determined by the Supreme Court and that, accordingly, habeas corpus relief is not available to Petitioner on the ground that his right to be free from double jeopardy was violated. The Court therefore issues a COA to Petitioner.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner David Reedman's Motion for Certificate of Appealability [103] is **GRANTED** and Petitioner is **ISSUED** a Certificate of Appealability to appeal the Court's June 10, 2010, Order.

**SO ORDERED** this 13th day of July, 2010.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE