# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAVID REEDMAN,

                Petitioner,

v.                                      1:04-cv-3467-WSD

BRIAN OWENS, Commissioner,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner David Reedman's ("Petitioner") "Motion for Reconsideration[] or Certificate of Appealability" [134] (the "Motion") and "Amended Motion for Reconsideration or Certificate of Appealability" [135] (the "Amended Motion," and, collectively, with the Motion, the "Motions").

I.      **BACKGROUND**

In the "Background" section of its April 7, 2010, Order, [95] the Court set forth this case's extensive factual and procedural background, and set forth the asserted basis for Petitioner's twenty-two (22) grounds for federal habeas corpus relief. (April 7, 2010, Order, at 1-14). That background section is incorporated here by reference.

In its April 7, 2010, Order, the Court granted habeas corpus relief to the Petitioner, finding that the Georgia Appellate Court had unreasonably applied clearly established federal law in concluding that the state-court trial judge had not abused his discretion in declaring a mistrial at Petitioner's first trial, and that Petitioner was thus subjected to double jeopardy when he was retried and convicted of theft by receiving stolen property. (Id. at 86-103). The Clerk entered judgment in this action on April 30, 2010 [96].

On May 6, 2010, Respondent moved [97], pursuant to Federal Rule of Civil Procedure 59, to alter or amend the judgment ("Motion to Amend Judgment"), in light of the intervening decision of the United States Supreme Court in Renico v. Lett, 559 U.S. 766 (May 3, 2010), which held, in a case concerning Double Jeopardy, that habeas relief was not warranted merely because a state court decision incorrectly applied clearly established federal law. Renico, 559 U.S. at 773. For habeas relief to be warranted, the state court's application must be "objectively unreasonable," a higher threshold than *de novo* review. Id.

Petitioner opposed [99] Respondent's Motion to Amend Judgment, arguing it was untimely and, alternatively, that Renico was not an intervening change of law that justified reconsideration of the Court's April 7, 2010, Order.

On June 11, 2010, the Court granted [102] Respondent's Motion to Amend Judgment. The Court found the relevant date for calculating the timeliness of Respondent's Motion to Amend Judgment was the date judgment was entered (April 30, 2010) and not the date that its Order was entered (April 7, 2010), and that Respondent had filed his motion within the 28 days allowed by Federal Rule of Civil Procedure 59(e). See F.R.C.P. 59(e) (motion must be filed within 28 days "after the entry of the judgment"). After discussing Renico, the Court held the Georgia Appellate Court, in concluding that the state trial court did not abuse its discretion in declaring a mistrial, did not unreasonably apply clearly established federal law as determined by the Supreme Court. (June 11, 2010, Order, at 16-17, 21).

Petitioner appealed, and the Court granted a certificate of appealability [106] regarding whether the application of Renico to the facts of Petitioner's case required a finding that the state court did not unreasonably apply clearly established federal law. On April 13, 2011, the Eleventh Circuit held that the Georgia Appellate Court did not unreasonably apply clearly established federal law, and affirmed the Court's June 11, 2010, Order. Reedman v. Comm'r, Georgia Dep't of Corr., 423 F. App'x 851, 853 (11th Cir. 2011).

On November 1, 2013, Petitioner filed his Motion for Relief from Judgment [126] pursuant to Federal Rule of Civil Procedure 60(b)(4), (6). On December 20, 2013, Petitioner filed his Motion to Amend Motion for Relief from Judgment [129], and, on June 27, 2014, Petitioner filed his "Motion for Relief from Final Disposition on FRCP 60B Motion" [131]. Petitioner asserted the Georgia state courts did not adjudicate his federal Double Jeopardy claim, and that the Court improperly reviewed his Double Jeopardy claim under the deferential standard set forth in 28 U.S.C. § 2254(d)(1), and should have instead applied a *de novo* standard of review.

On July 28, 2014, the Court denied [132] Petitioner's motions for reconsideration. The Court found that it applied the correct standard of review because, despite Petitioner's assertions to the contrary, the Georgia Appellate Court had previously adjudicated Petitioner's federal Double Jeopardy claim. (July 28, 2014, Order at 9). Where there is a state court decision on a petitioner's federal constitutional claim, the standard set forth in § 2254 (d)(1) applies. It is only where the state court does not address a federal constitutional claim that was properly presented to it, that a district court will decide the issue *de novo*. (Id. at 8).

On August 15, 2014, Petitioner filed his Motion, and on September 2, 2014, Petitioner filed his Amended Motion, requesting that the Court reconsider its denial of his previous motions for reconsideration, or, in the alternative, requesting that the Court issue a certificate of appealability ("COA").

## II. DISCUSSION

### A. Motions for Reconsideration

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). The Court does not reconsider its orders as a matter of routine practice. LR 7.2 E., N.D. Ga. The Court's Local Rules require the parties to file any such motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment." Id. The Local Rules also provide that "[p]arties and attorneys for the parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration." Id.

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion. See Arthur v. King,

5

500 F.3d 1335, 1343 (11th Cir. 2007); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is within the sound discretion of the district court. See Region 8, 993 F.2d at 806.

Petitioner's Motions, which request that the Court reconsider its July 28, 2014, Order, denying Petitioner's previous motions for reconsideration, are not permitted under the Court's Local Rules. See LR 7.2 E., NDGa. Even if the Motions were permitted, Petitioner does not allege any new evidence or intervening developments or changes in the law allowing relief under Rule 59(e).

Petitioner's Motions raise the same argument concerning the timeliness of the Respondent's Motion to Amend Judgment, the Court's jurisdiction to enter its June 11, 2010, Order, and the appropriate standard of review the Court should have applied to Petitioner's Double Jeopardy claim, that were dismissed by the Court in

its July 28, 2014, Order.[1] As noted in the Court's July 28, 2014, Order, Petitioner's arguments are without merit. Petitioner has thus failed to provide any support for reconsideration of the Court's denial of his previous motions for reconsideration.

B.   Issuance of a Certificate of Appealabilty

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000).

Petitioner requests that the Court issue a COA to address the underlying constitutional and procedural issues he raised in his prior motions for reconsideration. For the reasons set forth in the Court's July 28, 2014, Order,

---

[1]   Petitioner asserts that the state court did not adjudicate his federal Double Jeopardy claim, and erroneously asserts that the Court, in its July 28, 2014, Order, found that the federal claim was never presented to the state court. (Motion at 2). The Court has noted on more than one occasion that the Georgia Appellate Court adjudicated Petitioner's federal constitutional claim. (June 11, 2010, Order, at 16-17, 21; July 28, 2014, Order at 9).

reasonable jurists would not find it debatable that Respondent's Motion to Amend Judgment was timely filed, the Court had jurisdiction to issue its June 11, 2010, Order, and the Court applied the appropriate standard of review to Petitioner's Double Jeopardy claim.  Petition has failed to meet the standard set forth in Slack, and is not entitled to a COA.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration or Certificate of Appealability [134] and Amended Motion for Reconsideration or Certificate of Appealability [135] are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 29th day of September, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE