IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID REEDMAN,

                Petitioner,

v.

BRIAN OWENS, Commissioner,

                Respondent.

1:04-cv-3467-WSD

**OPINION AND ORDER**

This matter is before the Court on Petitioner David Reedman's ("Petitioner") Motion for Order Compelling Respondent [144] ("Motion to Compel").

**I.   BACKGROUND**

In its April 7, 2010, Order [95], the Court granted habeas corpus relief to the Petitioner, finding that the Georgia Appellate Court had unreasonably applied clearly established federal law in concluding that the state-court trial judge had not abused his discretion in declaring a mistrial at Petitioner's first trial, and that Petitioner was thus subjected to double jeopardy when he was retried and convicted of theft by receiving stolen property.[1]  (April 7, 2010, Order at 86-103). The Clerk entered judgment in this action on April 30, 2010 [96].

---

[1]   In the "Background" section of its April 7, 2010, Order, the Court set forth this case's extensive factual and procedural background, and set forth the asserted

On May 6, 2010, Respondent moved [97], pursuant to Federal Rule of Civil Procedure 59, to alter or amend the judgment ("Motion to Amend Judgment"), in light of the intervening decision of the United States Supreme Court in Renico v. Lett, 559 U.S. 766 (May 3, 2010), which held, in a case concerning Double Jeopardy, that habeas relief was not warranted merely because a state court decision incorrectly applied clearly established federal law. Renico, 559 U.S. at 773. For habeas relief to be warranted, the state court's application must be "objectively unreasonable," a higher threshold than *de novo* review. Id.

On June 11, 2010, the Court granted [102] Respondent's Motion to Amend Judgment. After discussing Renico, the Court held the Georgia Appellate Court, in concluding that the state trial court did not abuse its discretion in declaring a mistrial, did not unreasonably apply clearly established federal law as determined by the Supreme Court. (June 11, 2010, Order, at 16-17, 21).

Petitioner appealed, and the Court granted a certificate of appealability [106] regarding whether the application of Renico to the facts of Petitioner's case required a finding that the state court did not unreasonably apply clearly established federal law. On April 13, 2011, the Eleventh Circuit held that the

---

basis for Petitioner's twenty-two (22) grounds for federal habeas corpus relief. (April 7, 2010, Order, at 1-14). The background section is incorporated here by reference.

Georgia Appellate Court did not unreasonably apply clearly established federal law, and affirmed the Court's June 11, 2010, Order.  <u>Reedman v. Comm'r, Georgia Dep't of Corr.</u>, 423 F. App'x 851, 853 (11th Cir. 2011).

On November 1, 2013, Petitioner filed his Motion for Relief from Judgment [126] pursuant to Federal Rule of Civil Procedure 60(b)(4), (6).  On December 20, 2013, Petitioner filed his Motion to Amend Motion for Relief from Judgment [129], and, on June 27, 2014, Petitioner filed his "Motion for Relief from Final Disposition on FRCP 60B Motion" [131].  Petitioner asserted the Georgia state courts did not adjudicate his federal Double Jeopardy claim, and that the Court improperly reviewed his Double Jeopardy claim under the deferential standard set forth in 28 U.S.C. § 2254(d)(1), and should have instead applied a *de novo* standard of review.

On July 28, 2014, the Court denied [132] Petitioner's motions for reconsideration.  The Court found that it applied the correct standard of review because the Georgia Appellate Court had previously adjudicated Petitioner's federal Double Jeopardy claim.  (July 28, 2014, Order, at 9).  Where there is a state court decision on a petitioner's federal constitutional claim, the standard set forth in § 2254 (d)(1) applies.  It is only where the state court does not address a federal

constitutional claim that was properly presented to it, that a district court will decide the issue *de novo*. (Id. at 8).

On August 15, 2014, Petitioner filed his "Motion for Reconsideration[] or Certificate of Appealability" [134] (the "Motion"), and on September 2, 2014, Petitioner filed his "Amended Motion for Reconsideration or Certificate of Appealability" [135] (the "Amended Motion," and, collectively, with the Motion, the "Motions"), requesting that the Court reconsider its denial of his previous motions for reconsideration, or, in the alternative, that the Court issue a certificate of appealability ("COA"). Petitioner's Motions raised the same argument concerning the appropriate standard of review the Court should have applied to Petitioner's Double Jeopardy claim, that was dismissed by the Court in its July 28, 2014, Order.[2]

On September 29, 2014, the Court denied [136] Petitioner's Motions, concluding that the motions, which requested the Court to reconsider its July 28, 2014, Order, denying Petitioner's previous motions to reconsider, were not permitted under the Court's Local Rules. See LR 7.2 E., NDGa. The Court noted

---

[2] Petitioner asserted that the state court did not adjudicate his federal Double Jeopardy claim, and erroneously asserted that the Court, in its July 28, 2014, Order, found that the federal claim was never presented to the state court. (Motion at 2). The Court has noted on more than one occasion that the Georgia Appellate Court adjudicated Petitioner's federal constitutional claim. (June 11, 2010, Order, at 16-17, 21; July 28, 2014, Order at 9).

also that Petitioner did not allege any new evidence or intervening developments or changes in the law allowing relief under Rule 59(e).  The Court concluded that Petitioner's arguments were without merit, and declined to reconsider its July 28, 2014, Order.  The Court also found that Petitioner was not entitled to a COA, as reasonable jurists would not find it debatable that the Court applied the appropriate standard of review to Petitioner's Double Jeopardy claim.  See Slack v. McDaniel, 529 U.S. at 484 (2000).

On October 27, 2014, Petitioner appealed [137] (the "Notice of Appeal") the Court's September 29, 2014, Order, denying his Motions.  Petitioner's appeal, entitled "Renewed Request for Certificate of Appealability," raised the same arguments he raised in his prior motions for relief, all of which have been previously rejected by the Court as meritless.  On the same date, Petitioner filed his Application to Appeal *In Forma Pauperis* [138] ("Application").  On March 6, 2015, the Court denied Petitioner's Application.

On March 9, 2015, Petitioner filed his Emergency Application to Appeal *In Forma Pauperis* [143] ("Emergency Application") and his Motion to Compel Respondent [144].  Both the Emergency Application and the Motion to Compel were identical documents.  In his Emergency Application, Petitioner demanded that the Court rule on his Application.  On March 11, 2015, the Court, by docket

entry, noted that it had already denied Petitioner's Application, and denied Petitioner's Emergency Application.

Petitioner now files this Motion to Compel, asserting that he is only granted access to the law library for up to thirty (30) minutes a week.  (Motion to Compel at 3-4).  Petitioner asserts that this is a denial of his right to access the courts, and that Respondent's policy is unconstitutional.  (Id. at 3).  Petitioner demands that the Court order Respondent to allow Petitioner at least two hours per week access to the law library so that he can prosecute his appeal of the Court's September 29, 2014, Order.  (Id. at 4).  Petitioner's appeal of the Court's September 29, 2014, Order is currently pending before the Eleventh Circuit.[3]

## II.    DISCUSSION

"[T]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) (citing United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995)).  "When an appeal is filed, 'the district court is divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal.'"  United States v. Diveroli, 729

---

[3]     Case No. 14-15399.

F.3d 1339, 1341 (11th Cir. 2013) (quoting Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986)).

Assuming, *arguendo*, that the Court has jurisdiction over Petitioner's Motion to Compel on the basis that Petitioner requests additional access to the law library at Hancock State Prison in order to prosecute his appeal, the Court, having concluded numerous times that Petitioner's appeal is meritless, and noting that Petitioner continues to raise the same arguments that have been previously considered by both this Court and the Eleventh Circuit, concludes that Petitioner has not stated a sufficient basis to warrant the Court to order Respondent to modify the policies at Hancock State Prison to allow Petitioner additional access to the law library.[4]

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner David Reedman's Motion for Order Compelling Respondent [144] is **DENIED**.

---

[4] The Court, for the purpose of this motion, assumes the access to library facts asserted by the Petitioner to be true.

**SO ORDERED** this 26th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

8