IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID REEDMAN,

                Petitioner,

v.                                                      1:04-cv-3467-WSD

BRIAN OWENS, Commissioner,

                Respondent.

**OPINION AND ORDER**

This matter is before the Court on Petitioner David Reedman's ("Petitioner") Motion for Reconsideration [147] ("Motion for Reconsideration").

**I.   BACKGROUND**

In its April 7, 2010, Order [95], the Court granted habeas corpus relief to the Petitioner, finding that the Georgia Appellate Court had unreasonably applied clearly established federal law in concluding that the state-court trial judge had not abused his discretion in declaring a mistrial at Petitioner's first trial, and that Petitioner was thus subjected to double jeopardy when he was retried and convicted of theft by receiving stolen property. (April 7, 2010, Order at 86-103). The Clerk entered judgment in this action on April 30, 2010 [96].[1]

---

[1] In the "Background" sections of its April 7, 2010, and May 26, 2015, Orders, the Court set forth this case's factual and procedural background. (April 7,

On May 6, 2010, Respondent Brian Owens ("Respondent") moved [97], pursuant to Federal Rule of Civil Procedure 59, to alter or amend the judgment ("Motion to Amend Judgment"), in light of the intervening decision of the United States Supreme Court in Renico v. Lett, 559 U.S. 766 (May 3, 2010).  On June 11, 2010, the Court granted [102] Respondent's Motion to Amend Judgment.

Petitioner appealed, and the Court granted a certificate of appealability [106] regarding whether Renico, when applied to the facts of Petitioner's case, requires a finding that the state court did not unreasonably apply clearly established federal law.  On April 13, 2011, the Eleventh Circuit affirmed the Court's June 11, 2010, Order, granting Respondent's Motion to Amend Judgment.  Reedman v. Comm'r, Georgia Dep't of Corr., 423 F. App'x 851, 853 (11th Cir. 2011).

Petitioner has filed numerous motions for reconsideration and motions for relief from judgment in a continuing challenge to the June 11, 2010, Order.  The arguments he advanced in these motions were found to be meritless, and all of the motions were denied.  On August 15, 2014, Petitioner filed another "Motion for Reconsideration[] or Certificate of Appealability" [134], and, on September 2, 2014, he filed an "Amended Motion for Reconsideration or

---

2010, Order, at 1-14, May 26, 2015, Order, at 1-5).  These background sections are incorporated here by reference.  The Court will, in this Order, discuss only the background that is relevant to the Motion for Reconsideration.

Certificate of Appealability" [135] (the "2014 Filed Motions"), requesting that the Court reconsider its denial of his previous motions for reconsideration, or, in the alternative, that the Court issue a certificate of appealability.

On September 29, 2014, the Court denied [136] the 2014 Filed Motions. On October 27, 2014, Petitioner appealed [137] the Court's September 29, 2014, Order.

On March 9, 2015, Petitioner filed his Motion to Compel Respondent [144] ("Motion to Compel"). Petitioner asserted, in the Motion to Compel, that he is granted access to the law library only for up to thirty (30) minutes a week. (Mot. to Compel at 3-4). Petitioner asserted this was a denial of his right to access the courts, and that Respondent's policy is unconstitutional. (Id. at 3). Petitioner requested that the Court order Respondent to allow Petitioner access to the Hancock State Prison law library for at least two hours per week so he can prosecute his appeal of the Court's September 29, 2014, Order. (Id. at 4).

On May 26, 2015, the Court denied Petitioner's Motion to Compel, noting that the pending appeal of the Court's September 29, 2014, Order, vested jurisdiction of the case in the Eleventh Circuit. (May 26, 2015, Order, at 6). The Court noted that, even if it had jurisdiction, the Court previously concluded, on more than one occasion, that Petitioner was not entitled to habeas relief based on

the state-court trial judge's granting of a mistrial. The Court found that there was an insufficient basis to warrant the Court ordering Respondent to modify the policies at Hancock State Prison to allow Petitioner additional access to the law library to prosecute an appeal based on claims and arguments that were consistently found to be meritless. (Id. at 7).

On June 4, 2015, the Eleventh Circuit denied [146] Petitioner a certificate of appealability.[2] On June 19, 2015, Petitioner moved the Eleventh Circuit to reconsider the denial of the certificate of appealability. That motion is currently pending.

On June 15, 2015, Petitioner filed his Motion for Reconsideration in this Court, requesting that the Court reconsider its May 26, 2015, Order, denying Petitioner's Motion to Compel.

## II.    DISCUSSION

The Court does not reconsider its orders as a matter of routine practice. A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir.

---

[2]    Case No. 14-15399.

1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

Petitioner's Motion for Reconsideration raises the same arguments he raised in his Motion to Compel and in his previous motions for reconsideration. Each time the Court has considered these reiterated arguments it has found them meritless. The Eleventh Circuit reached the same conclusion when it considered Petitioner's request for a certificate of appealability. Even if the Court had jurisdiction over Petitioner's Motion for Reconsideration while his appeal is pending,[3] Petitioner does not raise any new arguments, or offer any new legal

---

[3] "[T]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) (citing United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995)). "When an appeal is filed, 'the district court is divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal.'" United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) (quoting Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986)).

theories or evidence warranting the Court to order Respondent to modify the policies at Hancock State Prison to allow Petitioner additional access to the law library to prosecute his meritless appeal.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner David Reedman's Motion for Reconsideration [147] is **DENIED**.

**SO ORDERED** this 13th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE